David W. Newman, ISBN 8251
Assistant United States Trustee
Brett R. Cahoon, ISBN 8607
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>RANDOLPH OLSON, and<br>SHAWNA OLSON,<br><br>Debtors. | Case No. 20-00329-TLM<br>Chapter 7 |

### MOTION FOR ENTRY OF AN ORDER REQUIRING DEBTORS' COUNSEL TO DISGORGE/REDUCE FEES

Gregory M. Garvin, the Acting United States Trustee ("United States Trustee") for Region 18, moves the Court to enter an order requiring Mr. Youngblood to return fees pursuant to 11 U.S.C. § 329(b), or to reduce the fees he can collect from the Debtors. Pursuant to Local Bankruptcy Rule 2002.2(c), any objection to this motion shall state with specificity the legal and/or factual basis for the objection. In support of this motion, the United States Trustee alleges the following facts and law.

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334(a) and (b) and 28 U.S.C. § 157. This matter is a core proceeding under 28 U.S.C. § 157(b)(1) and (2).

2. Noah G. Hillen is the chapter 7 trustee in this case.

1

3. Mr. Youngblood charged Debtors $2,400 for his services (Doc. 4).

4. Mr. Youngblood ("Counsel") is a member of the Idaho State Bar and was admitted to that bar in or around April 2005.

5. The Court may order the Debtors' attorney, Mr. Youngblood, to return payments that exceed the reasonable value of his services or cancel any agreement for those fees or services. 11 U.S.C. § 329(b). Mr. Youngblood bears the burden of justifying his fees. *See In re Castorena*, 270 B.R. 504, 515 (Bankr. D. Idaho 2001).

6. "Payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and [therefore] should be subject to careful scrutiny." *Land v. First National Bank of Alamosa (In re Land)*, 116 B.R. 798, 804 (D.Colo.1990), *aff'd* 943 F.2d 1265 (10th Cir.1991) (*quoting* H.R. Rep. No. 595, 95th Cong., 1st Sess. 329 (1977), S. Rep. No. 989, 95th Cong., 2nd Sess. 39–40 (1978)).

7. Section 329 is also designed to protect debtors from misconduct by their attorneys. *See Law Offices of Nicholas A. Franke v. United States Trustee (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997). "One of the important purposes of § 329 is to ensure that attorneys provide competent representation to debtors." *In re Dean*, 401 B.R. 917, 923 (Bankr. D. Idaho 2008). Where representation is deficient, the attorney's fees may be ordered refunded in whole or in part. *See id*. at 923.

8. On April 8, 2020, Randolph Olson and Shawna Olson ("Debtors") filed a voluntary chapter 7 petition, through their attorney, Mr. Youngblood, initiating the above-captioned case.

2

9. The Debtors filed a skeleton petition, and the Court issued notice that the Statement of Current Monthly Income and Means Test Form 122A-1, Schedules, Statement of Intent, Statement of Financial Affairs, and Summary of Assets and Liabilities were due by April 22, 2020 (Docs. 1 and 11).

10. The initial 341 Meeting was scheduled for May 14, 2020 (Doc. 2).

11. The Debtors did not file the schedules and related documents until May 21, 2020. They were approximately 1 month late, and not filed prior to the 341 meeting. As such, the Trustee had to continue the 341 Meeting and the Debtors must appear a second time to testify at the continued 341 Meeting (*See* Docs. 14).

## COUNSEL SHOULD BE PUT TO THE BURDEN TO ESTABLISH HE IS ENTITLED TO COMPENSATION

12. Attorneys for debtors bear the burden of justifying their compensation under 11 U.S.C. § 329(b). *See In re Castorena*, 270 B.R. 504, 515 (Bankr. D. Idaho 2001). It is the same burden as demonstrating entitlement to fees under section 330 of the Bankruptcy Code. *See American Law Center PC v. Stanley (In re Jastrem)*, 253 F.3d 438, 443 (9th Cir.2001); *In re Castorena*, 270 B.R. at 515. "Failure to meet this burden supports reduction or denial of the compensation sought." *In re Castorena*, 270 B.R. at 515.

13. In light of the failure to provide timely and diligent services on behalf of the Debtors, and the fact that such failure necessitated the Debtors appearance at the initial 341 Meeting as well as a continued 341 Meeting, the United States Trustee believes disgorgement or reduction of the fees is appropriate.

14. The Disclosure of Compensation indicates that the Debtors signed a post-petition fee agreement for $2,400 and that they must pay such amount within 12 months. The Disclosure

of Compensation also indicates that the right to collect such amounts may be assigned to an undisclosed "third-party lender."[1] The United States Trustee is unaware of the amount that the Debtors have paid to Counsel or to the third-party lender, but believes the amount the Debtors are obligated to pay Counsel or the third-party lender under the agreement should be reduced.

WHEREFORE, the United States Trustee moves that the Court enter an order:

1. Reducing Mr. Youngblood's fees by $1,200, or such other amount as the Court deems appropriate, and ordering Mr. Youngblood to disgorge any fees he or the lender has received in excess of the total fees allowed by the Court, or otherwise reducing the amount he is entitled to recover by $1,200; and

2. Providing such other relief as the Court deems proper.

Date:   May 26, 2020                    GREGORY M. GARVIN
                                        Acting United States Trustee Region 18


                                        /s/ Brett R. Cahoon
                                        BRETT R. CAHOON
                                        Attorney for the Acting United States Trustee

---

[1] The United States Trustee believes this third party lender is Fresh Start Bankruptcy, or an entity with a name similar to this.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on May 26, 2020, I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing.

Kameron Youngblood, Debtors' counsel

Noah G. Hillen, Chapter 7 Trustee

     AND I FURTHER CERTIFY that on such date I caused to be served the foregoing document on the following non-CM/ECF Registered Participants via first class mail, postage paid, on the following:

Randolph and Shawna Olson
333 S. Straughan Ave. Apt. 1010
Boise, ID 83712

Kameron M. Youngblood
PO Box 50495
Idaho Falls, ID 83405

Date: May 26, 2020                /s/ Brett R. Cahoon
                                         BRETT R. CAHOON